UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Plaintiffs,<br><br>vs.<br><br>HAMZA YALDIZ,<br><br>Defendant. | CASE NO. 3:19-cv-1752-GPC-WVG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED PRELIMINARY INJUNCTION HEARING**<br><br>**[ECF No. 2.]** |

On September 12, 2019, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE" or "Plaintiff") filed a Complaint, ECF No. 1, and an Ex Parte Application for Emergency Temporary Restraining Order, ECF No. 2, to allow Plaintiff to (1) immediately and involuntary hydrate Mr. Hamza Yaldiz ("Defendant"), (2) perform physical evaluations on Defendant, and (3) restrain Defendant in the process, if necessary. Plaintiff requests this "to prevent injury, organ failure, or loss of life due to Defendant's self-imposed hunger strike." ECF No. 1 at ¶ 8. This motion is supported by the declarations of Mr. James Dobson, ICE Assistant Field Office Director,

1

and Dr. Joanne P. Keenan, Staff Physician at the Otay Mesa Detention Center ("OMDC"). ECF Nos. 1-2 ("Dobson Decl."), 1-3 ("Keenan Decl.").

Defendant Hamza Yaldiz, currently in the custody of ICE at OMDC, has been on a hunger strike since August 28, 2019 and has missed 42 meals since that date. Keenan Decl. ¶ 6; Dobson Decl. ¶ 3. Defendant is drinking water but at a level markedly below what is necessary to maintain normal baseline functions. Keenan Decl. ¶ 6.

Dr. Keenan has counseled Defendant as to the risks he faces from the decreased nutritional intake associated with his hunger strike. Keenan Decl. ¶¶ 19-22. Defendant has, nonetheless, declined any meals and promised to remove any intravenous ("IV") fluid lines or feeding tubes used to provide him with nourishment. Keenan Decl. ¶ 16-22; Dobson Decl. ¶ 6-7.

Defendant will face grievous bodily harm, and potentially death, if there is no immediate medical intervention. Keenan Decl. ¶ 21; Dobson Decl. ¶ 6-9. Dr. Keenan - opines that it is medically necessary to place an IV line, administer appropriate fluids through this IV line, and apply soft restraints to prevent Defendant from removing said IV line or causing greater harm to himself and the medical staff that are treating him. Keenan Decl. ¶ 26. Dr. Keenan also opines that it is medically necessary to perform physical evaluations and a variety of laboratory tests to monitor Defendant's medical condition as he recuperates. Keenan Decl. ¶ 24-25.

Plaintiff requests an immediate order allowing it, through competent medical practitioners employed by or contracted with the Public Health Service and ICE Health Service Corps, to (1) involuntarily hydrate Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures. ECF No. 2 at 6.

When considering a temporary restraining order, the Court must evaluate whether the "(1) the moving party will suffer irreparable injury if the injunctive relief is not

granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest." *City of Tenakee Springs v. Block*, 778 F.2d 1402, 1407 (9th Cir. 1985) (*citing Martin v. International Olympic Committee*, 740 F.2d 670, 674–75 (9th Cir.1984)).

Here, the Court finds that the *Tenakee Springs* factors weigh in favor of granting Plaintiff's application. *See, e.g.*, *United States Department of Homeland Security v. Ivanov*, No. 19-cv-1573-DMS-MDD, Docket No. 6 (S.D. Cal. Aug. 22, 2019) (granting order); *United States v. Glushchenko*, No. CV1904678PHXSPLJFM, 2019 WL 3290334, at *1 (D. Ariz. July 22, 2019) (same); *United States v. Onyango*, No. 14-cv-0401-JAH-NLS, Docket No. 8 (S.D. Cal. Feb. 25, 2014) (same). Defendant's deteriorating physical state and potential loss of life both create a risk of irreparable harm. Preventing further harm to Defendant, moreover, is in the public interest. In addition, the Court finds that Plaintiff is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike. *See Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same).

In light of the foregoing reasons, the Court **GRANTS** Plaintiff's Ex Parte Application for Emergency Temporary Restraining Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Competent medical practitioners employed by or contracted with the Public Health Service and ICE Health Service Corps may:

a. Involuntarily hydrate Defendant by placing an IV line and administering appropriate fluids through it;
   b. Perform physical evaluations on Defendant, including taking his vital signs and performing the laboratory testing indicated as necessary by Dr. Keenan in his declaration, *see* Keenan Decl. ¶ 24; and
   c. Restrain Defendant to accomplish these procedures and prevent further injury, organ failure, and/or death.
2. This temporary restraining order shall expire on **September 16, 2019 at 5:00 PM**.
3. A preliminary injunction hearing shall be held on **September 16, 2019 at 1:30 PM in Courtroom 2D**. In the event that Plaintiff shall not seek a preliminary injunction, it shall notify the Court and, absent objections, the preliminary injunction hearing will be vacated, without prejudice to the Plaintiff.

**IT IS SO ORDERED.**

Dated: September 12, 2019

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge